HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE ESTATE OF SEAN THOMAS MAKAROWSKY, by and through the personal representative of said estate, LOUISE GAST,<br><br>Plaintiff,<br><br>v.<br><br>STEVE LOBDELL, individually and as City of Vancouver Police Officer; the CITY OF VANCOUVER, a municipal corporation,<br><br>Defendants. | CASE NO. 3:10-cv-05423<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND DENYING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND MOTION TO BIFURCATE |

Defendant City of Vancouver moves here for partial judgment on the pleadings under Fed. R. Civ. P. 12(c), or in the alternative, to bifurcate Plaintiff's *Monell* claim from claims against Defendant Officer Steve Lobdell. In response, Plaintiff Louise Gast, personal representative of the Estate of Sean Makarowsky, requests leave to amend, contending that the proposed Third Amended Complaint sufficiently cures any defect in the pleadings. For the reasons stated below, the Motion to Amend is granted; the motions for judgment on the pleadings and motion to bifurcate are denied.

ORDER GRANTING PLAINTIFF'S MOTION TO
AMEND AND DENYING DEFENDANT'S
MOTION FOR PARTIAL JUDGMENT ON THE
PLEADINGS AND MOTION TO BIFURCATE - 1

## I. BACKGROUND

Shortly after midnight on June 16, 2007, officers from the City of Vancouver arrived at Sean Makarowsky's house in order to execute a search warrant. (Answer to Second Am. Compl., Dkt. #105, at 6.)  Seven officers, dressed in civilian clothing except for police tactical vests, approached the front door in a stick formation. (*Id.*) As Defendant Officer Steve Lobdell approached the door, he saw Mr. Makarowsky through the window and noticed something in his hand. (*Id*. at 7.) Plaintiff alleges that Mr. Makarowsky had only a cell phone in his hand; Officer Lobdell states that he believed—and that it was—a loaded gun. (Second Am. Compl. Dkt. #100, at 7; Answer, Dkt. #105, at 7.)

In either case, Officer Lobdell shot and killed Mr. Makarowsky. (Answer, Dkt. # 105, at 7.) Officers immediately entered the house and shot and killed Mr. Makarowsky's pit bull. (*Id.*) The parties dispute whether the officers knocked and announced their presence.

Plaintiff filed suit against Officer Lobdell for use of excessive force in violation of the Fourth Amendment. In addition, Plaintiff sued the City of Vancouver under *Monell*, alleging a custom of tolerating misconduct and failing to adequately control officers. In the Second Amended Complaint, Plaintiff alleges only that the City of Vancouver has a settled custom of tolerating misconduct and failing to adequately control its officers. The City of Vancouver moved for judgment on the pleadings under Fed. R. Civ. P. 12(c), arguing that the allegations are conclusory and should be dismissed, or in the alternative, that the Court should bifurcate the claims. In response, Plaintiff filed a Motion for Leave to File a Third Amended Complaint in order to cure the deficiencies. This would be Plaintiff's fourth complaint.

The Third Amended Complaint alleges that the City of Vancouver frequently uses Vancouver Police officers to investigate other Vancouver Police officers involved in deadly

ORDER GRANTING PLAINTIFF'S MOTION TO
AMEND AND DENYING DEFENDANT'S
MOTION FOR PARTIAL JUDGMENT ON THE
PLEADINGS AND MOTION TO BIFURCATE - 2

shooting cases. (Mot. to Amend, Attach. 1, Dkt. #110-1, at 10.) According to the Complaint, the officers often investigate close friends and colleagues. (*Id*. at 11.) The Complaint alleges that this policy causes the investigations to be "clouded by personal bias" and "less than zealous inquiries." (*Id*.) Under the Plaintiff's theory, the Vancouver policy frequently engage in cover-ups, creating a policy that allows officers to shoot first and ask questions later. (*Id*. at 12–13.)

The City of Vancouver responded, arguing that the Court should deny the Motion to Amend because it does not cure the deficiencies. Specifically, the City argues that the factual allegations do not allow a plausible inference of a policy or custom that had any bearing on the use of deadly force, the factual allegations are mere conclusions in disguise, and the Plaintiff has already had sufficient opportunity to amend the complaint.

## II. ANALYSIS

### A. Motion to Amend.

Plaintiff argues that granting its Motion to Amend will cure any defect in the pleadings. It is within the district court's discretion to grant or deny leave to amend. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). If a claim is not based on a proper legal theory, the claim should be dismissed. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Davis*, 371 U.S. at 182. In deciding whether to grant a motion to amend, a court may consider undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed,

1 undue prejudice to opposing parties, harm to the movant if relief is not granted, and futility of the
2 amendment. *Id*.

3       As discussed below, because the Third Amended Complaint cures any defect in the
4 pleadings, the Plaintiff's Motion to Amend [Dkt. #110] is granted.

5       **B. Motion for Partial Judgment on the Pleadings**

6       The City argues that the *Monell* claim should be dismissed for lack of factual allegations.
7 Under Federal Rule of Civil Procedure 12(c), a party may move the Court for a judgment on the
8 pleadings. A Rule 12(c) motion is evaluated under the same standard as a motion under Rule
9 12(b)(6)—dismissal may be based on either the lack of a cognizable legal theory or absence of
10 sufficient facts alleged under a cognizable legal theory. *Balisteri v. Pacifica Police Dep't.*, 901
11 F.2d 696, 699 (9th Cir. 1990). A complaint must allege facts sufficient to state a claim for relief
12 that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has
13 "facial plausibility" when the party seeking relief "pleads factual content that allows the court to
14 draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

15       Although the Court must accept as true the Complaint's well-pled facts, conclusory
16 allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v.*
17 *L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d
18 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]
19 to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of
20 a cause of action will not do. Factual allegations must be enough to raise a right to relief above
21 the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and
22 footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-
23 unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

24

ORDER GRANTING PLAINTIFF'S MOTION TO
AMEND AND DENYING DEFENDANT'S
MOTION FOR PARTIAL JUDGMENT ON THE
PLEADINGS AND MOTION TO BIFURCATE - 4

1       "A city can be sued for monetary damages under 42 U.S.C. § 1983 if the constitutional violation was a product of a policy, practice, or custom adopted and promulgated by the city's officials." *Levine v. City of Alameda*, 525 F.3d 903, 907 (9th Cir. 2008) (citing *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690–91 (1978)). When alleging that a municipality *failed to act* to preserve a constitutional right—as is the case here—a plaintiff must meet the deliberate indifference standard. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) ("in order to establish municipal liability for failing to act to preserve constitutional rights" a plaintiff must establish, amongst other things, that the municipality had a policy that "amounts to deliberate indifference"). Thus, a plaintiff must show "(1) that [he] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Van Ort*, 92 F.3d at 835 (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)). A municipality may be liable for inadequate police training when "such inadequate training can justifiably be said to represent municipal policy" and the resulting harm is a "highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." *Long v. County of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006).

      The City argues that Plaintiff has failed to allege sufficient facts to establish an official policy that could amount to deliberate indifference. Under Rule 12(c), Plaintiff must only assert enough facts to raise a right to relief under § 1983 above the speculative level. *Twombly*, 550 U.S. at 555. Here, Plaintiff has not simply recited the elements of liability. Plaintiff asserts that Mr. Makarowsky had only a cell phone when Officer Lobdell shot and killed him; the officers

failed to knock and announce; the City of Vancouver always delegates the responsibility of investigating officers involved in deadly shootings to city police; the officers investigate their friends and peers; during investigations officers are asked leading questions in order to justify the shooting; officers who do not help cover-up errors are reassigned; officers have been suspected of covering-up shootings in the past; no Vancouver officer has ever been found to use unreasonable force; and no Vancouver officer has ever been disciplined or asked to go to remedial training as a result of a shooting.  (Third Am. Compl. at 9–11.)  All of these facts, if accepted as true, would support a claim the Officer Lobdell's actions were motivated, at least in part, by the fact that Vancouver officers have little or no concern for the repercussions of a wrongful use of force.

The City argues that Plaintiff fails to draw the connection between the policy and Officer Lobdell's action.  But Plaintiff need not establish actual causation at this stage of litigation.  Plaintiff has alleged sufficient facts so that the causation flows logically from the factual description of the policy.

The Court is well aware that failure-to-act claims against municipalities create a risk of circumventing *Monell*'s rule against *respondeat superior* liability.  *See City of Canton*, 489 U.S. at 392 (noting that "permitting cases against cities for their 'failure to train' employees to go forward under § 1983 on lesser standard of fault [than deliberate indifference] would result in *de facto respondeat superior* liability—a result [the Court] rejected in *Monell*").  Indeed, in "virtually every instance where a person has had his or her constitutional rights violated by a city employee, a § 1983 plaintiff will be able to point to something the city 'could have done' to prevent the unfortunate incident." *Id.* at 392 (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)).  While Plaintiff must ultimately prove that such a policy did exist, that the policy was

ORDER GRANTING PLAINTIFF'S MOTION TO
AMEND AND DENYING DEFENDANT'S
MOTION FOR PARTIAL JUDGMENT ON THE
PLEADINGS AND MOTION TO BIFURCATE - 6

the moving force behind the shooting, and that the shooting deprived Mr. Makarowsky of a constitutional right, Plaintiff need not prove the merits at this stage of litigation. Thus, the City's Motion for Judgment on the Pleadings [Dkt. #106] is denied.

**C. Motion to Bifurcate**

The issues of individual and municipal liability are so closely related here that judicial economy mandates denying the Motion to Bifurcate.

### III. CONCLUSION

The Plaintiff's Motion to Amend [Dkt. # 110] is **GRANTED**. Defendant's motions for partial judgment on the pleadings and for bifurcation [Dkt. #106] are **DENIED**.

Dated this 6th day of September, 2012.

Ronald B. Leighton
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND DENYING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND MOTION TO BIFURCATE - 7