HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE ESTATE OF SEAN THOMAS MAKAROWSKY, by and through the personal representative of said estate, LOUISE GAST,<br><br>Plaintiff,<br><br>v.<br><br>STEVE LOBDELL, individually and as City of Vancouver Police Officer; the CITY OF VANCOUVER, a Municipal Corporation,<br><br>Defendant. | CASE NO. 10-cv-5423-RBL<br><br>ORDER<br><br>[DKT. #132] |

THIS MATTER is before the Court on Defendant City of Vancouver's Motion for Reconsideration [Dkt. #132] of the Court's Order [Dkt. #129] Granting Plaintiff's Motion to Compel.  The City had previously offered to produce the requested documents, if the Court denied the City's Motion to Dismiss [Dkt. # 106] the *Monell* claim. The Court did deny that Motion because the Plaintiff revised its *Monell* theory in its Third Amended Complaint.  The Court accepted Plaintiff's new *Monell* theory based on the plausible inference that Vancouver's

ORDER - 1

policy of investigating officers led them to have little concern for the repercussions of a wrongful use of force.

Defendants seek reconsideration, arguing that the Third Amended Complaint limits the scope of permissible discovery because it focuses on the sufficiency of the City's policies regarding the investigation of officer shootings.  Plaintiff argues that its *Monell* claim is broader than the City thinks, suggesting that the claim is grounded in the City tolerating *any* officer misconduct.  The Court actually found that the Plaintiff's sufficiently alleged a theory somewhere between these narrow and broad theories.  The Court found that the Plaintiff sufficiently alleged the theory that the City has a policy of tolerating and covering-up misconduct related to excessive force which could have contributed to Lobdell's use of force.  For the reasons stated below, the Motion to Reconsider [Dkt. # 132] is DENIED.

## I.  BACKGROUND

The facts of the case are well known to the Court and the parties, and will not be repeated here. In short, Plaintiff filed suit against Officer Lobdell for use of excessive force in violation of the Fourth Amendment.  In addition, Plaintiff sued the City of Vancouver under *Monell*, alleging that the City fails to adequately investigate their officers which caused the officers to have little to no regard for the consequences of their actions.  Part of plaintiff's theory of the case is that the other officers present at the time of the shooting planted a gun on Makarowsky in order to help cover-up the shooting.

The Motion to Compel seeks the production of all disciplinary files, performance evaluations, and personnel records of non-party officers present at the time of the shooting. [Dkt. #109].  The City seeks to limit discovery, arguing that the broad production is not relevant to the Plaintiff's current *Monell* claim.  The City argues that discovery should be limited to any

investigation, discipline, or facts concerning past officer-involved shootings. Plaintiff argues that the discovery request is already limited in scope because it focuses only on officers present at the time of the shooting. Additionally, the Plaintiff argues that the officers present at the time of the shooting have been disciplined in the past for "failing to report information" and that past incidents show that officers do not report misconduct, take affirmative steps to cover-up misconduct, and lie to protect other officers.

Although the parties attempted to work the discovery issue out on their own, the parties have requested that the Court clarify the scope of discovery in this case.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 26(b), litigants may obtain discovery regarding "any non privileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Discovery is broad in scope and biased toward discovery. Therefore, discovery requests need only be "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Part of Plaintiff's theory is that the officer's involved in the execution of the search warrant covered up Officer Lobdell's excessive use of force pursuant to a City policy or custom. Whether the officers present at the time have a history of planting evidence, covering-up illegal behavior, or actively ignoring illegal behavior is information that is reasonably calculated to lead to the discovery of admissible evidence. At the discovery stage, the personnel files, disciplinary records, and internal affairs reports of the officers present at the shooting are relevant based on their alleged involvement in the cover-up.

It is important to note, too, that the information is not admissible just because it is discoverable. One of the Plaintiff's examples of a cover-up involves an officer's alleged affair

1 with a confidential informant. The admissibility of this evidence is questionable, at best. The

2 City should preserve all of its arguments regarding admissibility.

3 The Motion for Reconsideration [Dkt. #132] is DENIED.

5 IT IS SO ORDERED.

6     Dated this 22nd day of October, 2012.

                                                                           Ronald B. Leighton
                                                                           United States District Judge